DOUGLAS M. NEISTAT, ESQ. (State Bar No. 055961)
dneistat@gblawllp.com
JEREMY H. ROTHSTEIN, ESQ. (State Bar No. 316140)
jrothstein@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel:  (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Debtor and Debtor-in-Possession
Crown Jewel Properties, LLC

**FILED & ENTERED**

MAR 08 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:21-bk-17872-NB |
| CROWN JEWEL PROPERTIES, LLC, | (Chapter 11) |
| Debtor and Debtor-in-Possession. | **ORDER GRANTING APPLICATION OF DEBTOR AND DEBTOR-IN POSSESSION TO EMPLOY APPLICATION TO EMPLOY CUSHMAN & WAKEFIELD OF CALIFORNIA, INC. AS BROKERS FOR DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC AS OF DECEMBER 15, 2021** |
| | Hearing:<br>Date:    March 1, 2022<br>Time:    1:00 p.m.<br>Ctrm:    "1545" (or via ZoomGov)<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

Based upon this Court's review of the Application [Doc. 39] (the "Employment Application") of Crown Jewel Properties, LLC, Debtor and Debtor-in-Possession, in the above entitled case (the "Debtor"), to employ Cushman & Wakefield of California, Inc., a California corporation ("C&W") as its brokers; the notice of the Application appears proper, that no opposition to the Motion having been filed, the record in this case, and good cause appearing therefor,

///

     IT IS HEREBY ORDERED, that the Employment Application (dkt. 39) is granted and Debtor is hereby authorized to employ C&W, as its brokers effective as of December 15, 2021, per the terms and conditions set forth in the Employment Application.

     IT IS FURTHER ORDERED that, notwithstanding the provisions of the letter agreement between the Debtor and C&W (the "Letter Agreement"), Judge Bason's standard terms apply (unless struck through): (a) employment is per 11 U.S.C. § 327 not § 328; (b) payment only per 11 U.S.C. § 330(a) – no lien or superpriority claim is allowed (except as explicitly allowed – *e.g.*, realtor commissions on court-approved sales); (c) maximum 2 hours per day of nonworking time (*e.g.*, travel, or waiting for matter to be called) absent an adequate explanation; (d) no buyers' premium for auctioneers; (e) no dual agency; (f) all matters relating to the professional's engagement, compensation and costs shall be resolved in this court, notwithstanding any provisions for arbitration, choice of venue, or the like, and (g) any indemnification, limitation of damages or the like (including paragraph 12 of the Letter Agreement) is ineffective. *See generally In re Circle K Corp.*, 279 F.3d 669 (9th Cir. 2002) *and* 11 U.S.C. § 327(a) (professionals may not "hold or represent an interest adverse to the estate").

     IT IS FURTHER ORDERED that, as set forth in the declarations of Debtor and C&W (dkt. 50, 51), C&W shall not engage a real estate broker or mortgage broker without first applying to the Court for approval of the employment of such broker as a professional representing, or effectively representing, the bankruptcy estate. The employment and compensation terms of such broker shall not be effective unless approved by the Court.

# # #

Date: March 8, 2022

_____
Neil W. Bason
United States Bankruptcy Judge